**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROSALIE A. MOOS-HOLLING, | No. 09-15366 |
| Plaintiff - Appellant, | D.C. No. 3:07-cv-06240-SI |
| v. | |
| BAYER CORPORATION DISABILITY PLAN, | MEMORANDUM [*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Susan Illston, District Judge, Presiding

Argued and Submitted February 10, 2010
San Francisco, California

Before: O'SCANNLAIN, TROTT and PAEZ, Circuit Judges.

Rosalie Moos-Holling appeals from the district court's grant of summary

judgment to Bayer Corporation Disability Plan ("BCDP") following the

termination of her long-term disability ("LTD") benefits. Following an injury at

home, Moos-Holling was awarded LTD benefits effective March 1, 2003. Those

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

benefits terminated November 30, 2005 for failure to provide medical documentation relating to her continuing disability. The district court upheld the termination of benefits, and we affirm.

The grant of summary judgment and the district court's "choice and application of the standard of review to decisions by ERISA fiduciaries" are reviewed de novo. Nolan v. Heald Coll., 551 F.3d 1148, 1153 (9th Cir. 2009) (internal quotation omitted). A denial of benefits is reviewed de novo "unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989). Such a grant of discretion was present in this case. Therefore, the decision terminating benefits is reviewed for an abuse of discretion. The structural conflict of interest created by Bayer Corporation both funding the Trust to pay benefits and making the decision to award or withhold benefits is a factor to be considered in the abuse of discretion review. Metro. Life Ins. Co. v. Glenn, 128 S. Ct. 2343, 2348-51 (2008). The district court properly reviewed the termination of benefits for an abuse of discretion, applying a heavy dose of skepticism. See Abatie v. Alta Health & Life Ins. Co., 458 F.3d 955, 968 (9th Cir. 2006) (en banc).

The district court was not required to conduct a bench trial on the conflict of interest created by the Trust, because the court considered all admissible evidence submitted in the light most favorable to the non-moving party, Moos-Holling. Nolan, 551 F.3d at 1155. The district court properly refused to consider the sworn depositions offered by Moos-Holling because they did not satisfy the requirements for judicial notice under Federal Rule of Evidence 201, and because she "fail[ed] to establish any ground for the admissibility of these documents." See United States v. Alonso, 48 F.3d 1536, 1544 (9th Cir. 1995); Fed. R. App. P. 28(a)).

The district court did not abuse its discretion by denying Moos-Holling's request for a continuance pursuant to Federal Rule of Civil Procedure 56(f). She failed to identify specific facts that would be revealed through further discovery, or to explain how the information she sought would preclude summary judgment.

Despite several requests for documentation, Moos-Holling submitted no records showing treatment by a medical provider after August of 2004. The last report from a doctor expressing an opinion as to her disability was dated in December, 2003. Therefore, in light of the evidence in the administrative record, BCDP did not abuse its discretion by terminating her LTD benefits, and the district court did not err by granting summary judgment.

**AFFIRMED**